■  HI-TENSION REALTY CORP., Plaintiff, v. BROOKE REALTY-NORMAN, INC., Defendant and Third-Party Plaintiff-Respondent. GYPSUM CONSTRUCTORS, INC. OF NEW ENGLAND, Third-Party Defendant-Appellant, et al., Third-Party Defendant. (And Another Third-Party Action.) — Order of the Supreme Court, Nassau County, dated November 8, 1967, modified, on the law and the facts, so as to add thereto a provision that the granting of the motion to vacate the preclusion order is on condition that respondent serve upon appellant a written statement withdrawing from respondent's original bill of particulars the provision purporting to reserve to it a right to amend its particulars; and further modified, on the law and the facts, by adding a provision that respondent shall serve upon appellant a further bill of particulars, not later than 30 days prior to trial, setting forth a copy of the alleged subcontract and specifications incorporated therein and specifying such "other materials unknown   *   *   * at this time" used in the construction of the roof deck as are claimed in its supplemental bill (par. Eighth), and that, if respondent does not comply with this direction, it is precluded with respect to such "other materials". As so modified, order affirmed, without costs. The time within which respondent may serve the written withdrawal of its claim of right to amend its bill of particulars is extended until 10 days after entry of the order to be made hereon. The examination of appellant shall proceed at the place directed in the order under review at a time to be specified in a 10 days' written notice

or at such other time and place as the parties may agree by stipulation. In our opinion, respondent complied with item 2 of the demand by furnishing appellant with a copy of plaintiff's bill of particulars and the exhibits annexed thereto in January, 1966; and we deem them to have been adopted by respondent as part of its own bill although not labeled as such. However, the bill of particulars and the supplemental bill are still deficient in the respects mentioned hereinabove. Further, it is clear respondent was not willfully in default with respect to satisfying appellant's demand. It did submit a bill before preclusion and it participated in pretrial examinations. If it proceeded improperly in its attempt to remedy the defects in its original bill, its efforts were nevertheless made in apparent good faith. Beldock, P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.